COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-411-CR

  
JAMES 
MICHAEL VICK                                                          APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant James Michael Vick of felony escape, and the trial 
court sentenced him to eighteen years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice. Appellant brings one point 
on appeal, arguing that the trial court improperly admitted evidence of an 
extraneous possession offense at the punishment phase of the trial because the 
contraband was illegally seized. Because we hold that the trial court did not 
abuse its discretion in admitting the evidence, we affirm the trial court’s 
judgment.
        At 
the time of his escape, Appellant had been charged with the offense of 
manufacturing a controlled substance. Appellant filed a motion to suppress in 
that case, arguing that the evidence of possession of drugs was illegally 
seized. The trial court denied Appellant’s motion to suppress. The jury in 
this case convicted Appellant of escape, and the State offered evidence of the 
drug offense during the punishment phase.
        During 
the punishment phase, Deputy Thomas, a narcotics investigator, testified that he 
and other officers had gone to Appellant’s house to investigate information 
received by the Hood County Sheriff’s office that Appellant was manufacturing 
methamphetamine at his house. Thomas walked to the front door of Appellant’s 
house and could smell ether, which is used to make methamphetamine. Thomas also 
noticed a plastic container under the carport consistent with equipment used in 
the manufacturing of methamphetamine. Thomas told Appellant why they were there, 
and Appellant admitted to Thomas that he had made methamphetamine one time. 
Thomas told Appellant that he was not under arrest at that time, but that a 
search warrant was on its way.
        While 
waiting for the search warrant, Appellant asked to call his mother to come pick 
up his child and stated that if he were permitted to make the call, he would 
consent to the search of his house. Thomas told Appellant that he could make the 
call, but they would wait for the warrant before searching. Appellant, Thomas, 
and the other officers went inside the house. Thomas testified that while he was 
sitting on the couch, Appellant tossed him a plastic baggie containing a 
controlled substance that Appellant was supposed to deliver. Appellant claimed 
that Thomas removed the baggie from Appellant’s pocket during a pat-down. When 
the warrant finally arrived, Thomas and the other officers searched the house 
and seized various substances believed to be methamphetamine, as well as 
contraband consistent with the manufacture of methamphetamine.
        Appellant 
argues that the trial court erred in admitting evidence of the drugs at 
punishment in the escape case because the evidence was illegally seized. The 
appropriate standard for reviewing a trial court’s ruling on a motion to 
suppress evidence is a bifurcated standard of review, giving almost total 
deference to the trial court’s determination of historical facts and reviewing 
de novo the court’s application of the law to those facts.[2]  
If the trial court did not make explicit findings of historical facts, the 
appellate court reviews the evidence in a light most favorable to the trial 
court’s ruling, making the assumption that the trial court made explicit 
findings of fact, supported in the record, that buttressed its conclusion.[3]
        Appellant 
contends that the search and his arrest in the drug offense were warrantless. 
The evidence shows, however, that the search of the house and Appellant’s 
arrest were effected pursuant to a warrant. Before the arrival of the warrant, 
and before the arrest and search, Appellant and the premises were secured to 
prevent the destruction of evidence. The United States Supreme Court has held 
that “securing a dwelling, on the basis of probable cause, to prevent the 
destruction or removal of evidence while a search warrant is being sought is not 
itself an unreasonable seizure of either the dwelling or its contents.”[4]  Additionally, we note that the officers discovered 
the methamphetamine in Appellant’s pocket either when he tossed it to them or 
as a result of a pat-down search. An officer has a right to pat down a defendant 
for the officer’s safety.[5]  Consequently, in 
either event, the drugs were not illegally seized.
        Because 
the methamphetamine taken from Appellant’s pocket was lawfully seized, and 
because the search of the residence was conducted pursuant to a search warrant, 
we hold that the trial court did not err in failing to suppress the evidence in 
question. Appellant does not raise any other grounds in arguing the 
inadmissibility of the evidence. We therefore hold that the trial court did not 
abuse its discretion in admitting the evidence at the punishment phase of the 
case before us. We overrule Appellant’s sole point on appeal and affirm the 
trial court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  

PANEL B:   LIVINGSTON, 
DAUPHINOT, and HOLMAN, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 12, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman 
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
3.  
Carmouche, 10 S.W.3d at 328.
4.  
Segura v. United States, 468 U.S. 796, 810, 104 S. Ct. 3380, 3388 (1984).
5.  
Terry v. Ohio, 392 U.S. 1, 23, 88 S. Ct. 1868, 1881 (1968).